IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

PATRICIA DOYLE,

    Plaintiff,

v.

WWJR ENTERPRISES INC.,
a foreign profit corporation, and
WILLIAM WRIGLEY, JR., an individual,

    Defendants,
_____/

## COMPLAINT

COMES NOW Plaintiff, PATRICIA DOYLE, [herein referred to as "Plaintiff"], by and through her undersigned attorney and hereby files this Complaint against Defendant, WWJR ENTERPRISES, INC., a foreign profit corporation, and William Wrigley, Jr., individually, and as grounds therefore alleges as follows:

### JURISDICTION, PARTIES AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA"), for unpaid overtime.

3. This court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff, PATRICIA DOYLE is a resident of Palm Beach County Florida.

5. Defendant, WWJR ENTERPRISES, INC. has a principal place of business at 101 N. Clematis Street, Suite 200, West Palm Beach, FL 33401.

6. At all times material hereto, the Defendant WILLIAM WRIGLEY, JR. was the Chairman, CEO, President, and Director of WWJR Enterprises, Inc., and upon information and belief, was a resident of Palm Beach County, Florida.

7. This cause of action arose in Palm Beach County.

8. Palm Beach County, Florida is proper venue for this action because Plaintiff was employed by and had dealings with Defendant in Palm Beach County, Florida.

9. Defendants, failed to pay Plaintiff the mandatory wages as required under state and federal law.

10. Defendants have an annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

11. Defendants, at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

## **COMMON ALLEGATIONS**

12. Defendants WWJR ENTERPRISES, INC. and WILLIAM WRIGLEY, JR. jointly employed Plaintiff as WILLIAM WRIGLEY, JR. worked directly or indirectly in the interest of WWJR ENTERPRISES, INC. in relation to Plaintiff, exercised control over the nature and structure of her employment relationship, and exercised control over her employment relationship.

13. Plaintiff was employed with Defendants from on or about November 26, 2018 up to and including her separation on August 22, 2019 in the position of Executive Assistant to Chairman/CEO.

14. Plaintiff's job duties included 100% personal administrative support to the CEO which often included handling his personal travel, family requests, requests from his household staff from 3 homes, handling medical claims and appointments, and provide other support where needed.

15. Plaintiff's was initially paid a salary of $85,000 and that was increased to $90,000.

16. Plaintiff worked seventy-five (75) hours a week during her employment from November 2018 until August 2019.

17. Plaintiff's damages are calculated based on 36 weeks at 35 hours a week x half time $14.44 for a weekly total of $505.40 Plaintiff seeks $18,194.40 in back wages, an equal amount in liquidated damages and her attorney's fees and costs.

18. Plaintiff regularly worked over forty (40) hours in a given work week.

19. Defendants failed to pay Plaintiff the mandatory wages as required under state and federal law.

20. Defendants failed to pay Plaintiff overtime as required by Federal law.

21. Plaintiff is a non-exempt employee under the FLSA.

22. Plaintiff was not paid time and one half her hourly rate for hours worked over forty (40) in a work week.

23. Plaintiff's job duties were such that she herself was individually engaged in commerce.

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207
## ALL DEFENDANTS

Plaintiff re-alleges Paragraphs 1 through 23 as set forth herein.

24. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

25. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks she was

employed with the Defendants.

26. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendants.

27. Defendants, failed to compensate Plaintiff up to one and a half times her hourly rate for all worked performed in excess of forty (40) hours.

28. The Defendants' failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.  Plaintiff is aware of hours for which she was not compensated in the preceding period of time.

29. Defendants' failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

30. As a direct and proximate result of the Defendants' actions, Plaintiff has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

31. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered damages.

32. As a result of Defendants' conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against the Defendants as follows:  The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated this 25 day of September 2019.

        SCOTT WAGNER & ASSOCIATES, P.A.
        Jupiter Gardens
        250 South Central Boulevard
        Suite 104-A
        Jupiter, FL 33458
        Telephone: (561) 653-0008
        Facsimile: (561) 653-0020

        s/Cathleen Scott
        Cathleen Scott, Esq.
        Florida Bar Number 135331
        Primary e-mail: CScott@scottwagnerlaw.com
        Secondary e-mail: mail@scottwagnerlaw.com
        Secondary Address: 101 Northpoint Parkway
        West Palm Beach, FL 33407
        www.ScottWagnerLaw.com